UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RONICA STAPLES AND MICHAEL STAPLES, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| WAL-MART STORES, INC., | ) ) |
| Defendant. | ) ) ) |

Case No.: 2:13-cv-1612-GMN-NJK

ORDER

Pending before the Court is the Motion for Summary Judgment, (ECF No. 26), filed by Defendant Wal-Mart Stores, Inc. ("Wal-Mart"). Plaintiffs Ronica and Michael Staples responded, (ECF No. 28), and Defendant replied, (ECF No. 31).

I.     **BACKGROUND**

This action arises out of an incident in which Plaintiff Ronica Staples ("Ms. Staples") tripped and fell while entering a Wal-Mart Neighborhood Market Store in Las Vegas, Nevada on August 21, 2011. (Compl., ECF No. 1-2). The Complaint alleges that as Ms. Staples walked into the store, her foot became caught under a floor mat that was "elevated and flipped over on itself, causing [Ms. Staples] to trip and fall." (*Id.* at ¶ 7). Plaintiffs claim that this fall caused Ms. Staples to suffer "severe injuries" as well as "great pain and anxiety." (*Id.*). The Complaint sets forth claims of (1) negligence; (2) negligent hiring and supervision; and (3) loss of consortium against Wal-Mart.[1]

---

[1] The Complaint also includes a claim of "negligence per se." (Compl. at 4). "Although sometimes pled as such, negligence per se is not a separate cause of action but a doctrine whereby a court will consider the negligence elements of duty and breach satisfied as a matter of law." *Insco v. Aetna Health & Life Ins. Co.*, 673 F. Supp. 2d 1180, 1191 (D. Nev. 2009). Therefore, rather than considering this as an independent cause of action, the Court construes Plaintiffs' allegations pertaining to "negligence per se" to be part of their negligence claim.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and

the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. DISCUSSION

In the instant Motion, Wal-Mart asserts that it is entitled to summary judgment as to all of Plaintiffs' claims. The Court will address each of Plaintiffs' claims in turn.

#### A. Negligence

"In a negligence action, the plaintiff has the burden of demonstrating: (1) that the defendant had a duty to exercise due care with respect to the plaintiff; (2) that the defendant breached this duty; (3) that the breach was both the actual and proximate cause of the plaintiff's

1  injury; and (4) that the plaintiff was damaged." *Joynt v. California Hotel & Casino*, 835 P.2d
2  799, 801 (Nev. 1992).
3       A "business owes its patrons a duty to keep the premises in a reasonably safe condition
4  for use." *FGA, Inc. v. Giglio*, 278 P.3d 490, 496 (Nev. 2012).  Here, the parties do not appear to
5  dispute that Wal-Mart had a duty to exercise reasonable care with respect to Ms. Staples.
6  Instead, Wal-Mart argues that Plaintiffs have failed to produce evidence demonstrating that it
7  breached that duty.
8       In support of its Motion, Wal-Mart has submitted a surveillance video of Ms. Staples'
9  fall. (ECF No. 27).  This video captures a clear view of the store's entrance during the incident
10 in question. (*Id.*).  Directly inside the main doors, there is a carpeted cart storage area which
11 opens up into a large concrete-floored shopping area. (*Id.*).  A large floor mat can be seen on
12 the concrete floor adjoining the cart storage area. (*Id.*).  Six minutes and twenty-one seconds in,
13 the video clearly shows an unknown customer entering the store and, apparently inadvertently,
14 kicking the corner of the floor mat, causing the mat to roll onto itself at its outer edge. (*Id.* at
15 6:21).  About seven seconds later, Ms. Staples can be seen entering the store pushing an empty
16 shopping cart. (*Id.* at 6:28).  After taking four steps into the store, Ms. Staples, for reasons that
17 are not apparent from the video footage, pauses for approximately six seconds directly in front
18 of the floor mat. (*Id.* at 6:33-6:39).  The video then shows Ms. Staples suddenly stepping
19 forward on or near the floor mat, letting go of her shopping cart, and falling to the ground. (*Id.*
20 at 6:40).  Therefore, Ms. Staples' fall occurred no more than twenty seconds after the corner of
21 the mat was kicked up by the unknown customer.
22      In Nevada, it is well established that where a dangerous condition on a premises results
23 from the "actions of persons other than the business or its employees, liability will lie only if
24 the business or actual or constructive notice of the condition and failed to remedy it." *Sprague*
25 *v. Lucky Stores, Inc.*, 849 P.2d 320, 322-23 (Nev. 1993).  In such cases, a plaintiff bears the

burden of showing that the business had actual or constructive notice of the dangerous condition. *Id.*  A plaintiff can show constructive notice by demonstrating that the dangerous condition existed long enough that it would have been discovered had the business exercised reasonable care. *See, e.g.*, *Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001).

In this case, Plaintiffs have failed to provide evidence showing that Wal-Mart had actual or constructive notice of the upturned corner of the floor mat that allegedly caused Ms. Staples' fall.  There is no evidence on the record showing that any Wal-Mart employee was aware of the status of the floor mat's corner prior to Ms. Staples' fall only twenty seconds later.  Accordingly, the Court finds that Plaintiffs have not shown actual notice.

As to constructive notice, other courts have held a business' failure to detect a hazardous condition caused by a third party within ten minutes is not unreasonable. *Reid v. Kohl's Dep't Stores, Inc.*, 545 F.3d 479, 481 (7th Cir. 2008).  Far short of ten minutes, the allegedly hazardous upturned floor mat corner existed for only twenty seconds prior to Ms. Staples' fall.  In fact, more than twenty-five percent of that time elapsed while Ms. Staples paused and looked down just a few feet away from the floor mat, with its upturned corner in plain sight.  As this hazard went undetected by Ms. Staples standing at a minimal distance for six seconds, the Court finds that no reasonable jury could find that Wal-Mart had constructive notice of the upturned corner of the floor mat.

Conspicuously, in their Response to the instant Motion, Plaintiffs appear to alter their entire theory of the case.  Though the Complaint makes clear that the incident occurred because the corner of the floor mat "was elevated and flipped over on itself," (Compl. at ¶ 7, ECF No, 1-1), Plaintiffs now argue that the floor mat *itself* was a hazardous condition.  In support of this argument, Plaintiffs have merely submitted two pages of a checklist, ostensibly created by the National Floor Safety Institute. (ECF No. 28-1).  The checklist states that this list is intended to be used "as a method of minimizing slip, trip and fall occurrences using readily available

resources." (*Id.* at 944). Plaintiffs point to two of the checklist's entries as relevant to this case. The first appears in a category titled "Flooring and Stairs," and states, "Stairways and changes in interior elevations should be well lighted and free of obstacles." (*Id.* at 945). The second entry to which Plaintiffs refer provides, "Thick mats should be constructed with beveled yellow edges to minimize tripping." (*Id.*).

The Court notes that Plaintiffs have failed to submit an affidavit authenticating these pages or otherwise present evidence that would support a finding that they are what Plaintiffs purport them to be, and therefore this evidence is insufficient to overcome Wal-Mart's Motion for Summary Judgment. *Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002) ("A trial court can only consider admissible evidence in ruling on a motion for summary judgment. Authentication is a condition precedent to admissibility . . . .") (internal quotations omitted).

Nevertheless, even if these checklist pages had been properly authenticated, they would still be insufficient by themselves to raise a genuine dispute of material fact in this case. As to the second checklist entry, Plaintiffs admit that they failed to inspect the floor mat at issue, (Pls.' Resp. 4:11-12, ECF No. 28), and consequently they cannot offer any evidence as to whether the floor mat seen in the video is among the "thick mats" for which the checklist recommends beveled yellow edges.

Plaintiffs' argument as to the other checklist entry rests upon the assertion that the height discrepancy between the floor mat and the concrete floor at the entrance of the Wal-Mart store constituted a "change in interior elevation" which the checklist suggests "should be well lighted and free of obstacles." (ECF No. 28-1). Plaintiffs then proclaim, "Carpet is soft and compresses as you walk on it, hard flooring does not compress at all. This difference causes a change in elevation between the two surfaces." (Pls.' Resp. at 3:28-4:2, ECF No. 28). However, the checklist refers to "stairways," therefore the Court is unpersuaded. The checklist's reference to stairs indicates the scope of the "changes in interior elevation" referred

to in the rule. As can be seen in the video, there is no perceptible elevation change between the carpet and the concrete floor. Therefore, this checklist entry clearly does not apply to this situation. Even assuming that this checklist entry stands as an absolute authoritative rule, a reasonable factfinder could not conclude that it is applicable to the instant case. No reasonable juror could find in Plaintiffs' favor even if their evidence is considered as true.

Therefore, for all the reasons stated herein, the Court finds that Plaintiffs have failed to raise a genuine issue of material fact as to whether Wal-Mart breached a duty to Ms. Staples. Accordingly, the Court will grant Wal-Mart's Motion as to Plaintiffs' negligence claim.

### B. Other Claims

Summary judgment is warranted against Plaintiffs' claim for negligent hiring and supervision, as this claim is also dependent on the unsupported assertion that Wal-Mart breached a duty to Ms. Staples. *Okeke v. Biomat USA, Inc.*, 927 F. Supp. 2d 1021, 1028 (D. Nev. 2013) (holding that a claim for negligent hiring or supervision requires, *inter alia*, a showing that the defendant breached a duty). Additionally, Plaintiffs do not dispute that their loss of consortium claim is dependent upon the other claims set forth in the Complaint. *See Turner v. Mandalay Sports Entm't, LLC*, 180 P.3d 1172, 1179 (Nev. 2008). Therefore, the Court will grant Wal-Mart's Motion for Summary Judgment as to Plaintiffs' claim for negligent hiring and supervision as well as the loss of consortium claim.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment, (ECF No. 26), is **GRANTED**. The Clerk shall enter judgment accordingly and close the case.

**DATED** this 4th day of February, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court